NOT DESIGNATED FOR PUBLICATION

No. 126,660

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CATHERINE LARSON,
*Appellee*,

v.

ALEXA A. MEIER of A & C MEIER PROPERTIES LLC,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. VANO, judge. Submitted without oral argument. Opinion filed October 18, 2024. Affirmed.

*Alexa A. Meier*, appellant pro se.

*Catherine Larson*, appellee pro se.

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PER CURIAM: Alexa Meier, as a principal of and agent for A & C Meier Properties, LLC, entered into a written contract in June 2022 to buy Catherine Larson's home. The deal fell apart. Larson filed a small claims action against Meier in the Johnson County District Court. After a trial, the district court rendered judgment for Larson against A & C Meier Properties. And the company has appealed, claiming the district court misconstrued the contract terms. We affirm the district court because the contract is not part of the appellate record, so the materials we must rely on to decide this appeal do not include that agreement and, in turn, do not support the company's claims of error.

1

Larson and Meier have represented themselves throughout this litigation. Neither is a lawyer.

We offer some procedural context. A district magistrate judge initially heard the small claims action. We gather the magistrate judge substituted A & C Meier Properties for Meier as the defendant and, after hearing evidence, entered judgment for the company. Larson appealed to the district court. And the district court held a new trial in February 2023. At the start of that hearing, Larson and Meier confirmed that the company was the only defendant. The district court conducted the trial by entertaining narrative accounts of the real estate deal first from Larson and then from Meier. Along the way, the district court interposed questions and requests of the parties to clarify some of the facts. Larson and Meier each introduced (and the district court received) documentary evidence that included the real estate contract and email communications.

The gist of the dispute is this: Larson contends Meier refused to close on the sale, breaching the contract and entitling Larson to $5,000 in earnest money the company was to tender as the buyer. (Although legally irrelevant, the company did not deliver the earnest money to the escrow agent until several weeks after the scheduled closing date. The escrow agent apparently continues to hold the $5,000 awaiting an agreement of the parties or a court order as to how it should be disbursed.) Meier contends Larson breached the contract by refusing to allow an inspection of the interior and exterior of the property before closing, so the company was relieved of any further obligations under the contract.

The district court issued a written decision in late May 2023 finding for Larson and awarding her $4,000, reflecting the maximum judgment permitted in a small claims action, along with fees and costs of $295.50. The district court also ordered that the $1,000 balance of the earnest money be returned to A & C Meier Properties. The ruling discusses provisions of the real estate contract and some of the communications between

Larson and Meier, particularly related to an inspection of the property. As we have said, Meier, on behalf of the company, has appealed.

Larson and Meier have each filed a brief for our consideration. Meier essentially reiterates the position she took in the district court—Larson breached the contract by failing to allow an inspection, thereby relieving the company of any obligation to tender the earnest money or to otherwise go forward with the deal. In her brief, Meier refers to and paraphrases some of the contract language and contends the district court misconstrued the rights and obligations those provisions created.

We cannot determine the factual and legal accuracy of Meier's claims without having the contract to review. And we don't have it. If we did, we could make an independent assessment of what the contract required Larson and the company to do. See *Trear v. Chamberlain*, 308 Kan. 932, 936, 425 P.3d 297 (2018). That's what Meier wants us to do and, then having done so, to reject the district court's interpretation of the contract.

But, as we have explained, the record on appeal does not include the contract. None of the exhibits from the trial automatically would have been included in the appellate record. And neither Larson nor Meier asked that the contract or any of the other exhibits be added to the record.

As the party asserting the district court made mistakes, Meier has an obligation to see that we have a record permitting us to determine whether her claims of error are right. *State v. Vonachen*, 312 Kan. 451, Syl. ¶ 2, 476 P.3d 774 (2020) ("An appellant has the burden to designate a record sufficient to establish a claimed error. Without an adequate record, the appellant's claim of error fails."). We cannot fill in that gap in the appellate record by speculating about exactly what the contract states. See *Harman v. State*, No. 108,478, 2013 WL 3792407, at *1 (Kan. App. 2013) (unpublished opinion) ("When there

3

are blanks in that record, appellate courts do not fill them in by making assumptions favoring the party claiming error in the district court."); see also *Moses v. Bojangles Hauling*, No. 125,889, 2023 WL 5662773, at *7 (Kan. App. 2023) (unpublished opinion) (quoting *Harman*, 2013 WL 3792407, at *1).

In short, we have no way of assessing the accuracy of Meier's assertion that the district court got it wrong. Meier failed to supply us with the tools we need for that task: the exhibits submitted to the district court, including—most importantly—the contract. Because we cannot determine if the district court misread the contract, we must accept the district court's conclusion. We, therefore, affirm the judgment for Larson.

Affirmed.